Gastost, J.
 

 By the act concerning Constables, 1st Rev. Stat. ch. 24, it is directed, that the inhabitants of each captain’s company in the county shall elect a suitable person to act as constable for the succeeding year, 'and on return of such election being made under the certificate of the judges' of the election, the County Court shall proceed to qualify the person so relumed as constable, and take the bond prescribed by law for the faithful execution of his duty. It was objected on the trial in this case that the court had no authority to take the bond declared on, because it did not appear that the judges of the election had made return to the said
 
 *22
 
 that .Gabriel Washburn had been elected by the inbab-ifants or qualified voters in a captain’s district. This olijeetion was overruled by his Honor, and, as we think, proper-The County Court is the proper judge of the return, and its adjudication thereon,, while it remains in force, cannot be questioned. The record of the
 
 County
 
 Court, which was given in evidence, sets forth that “Gabriel Washburn having been elected in captain Eskridge’s company, came into court and gave a bond to North Carolina in $>4000 &c. and the,n he was duly sworn.”' This is an adjudication, that said Washburn was elected, and of course, that he was elected in due form, by those who had the right to
 
 elect.\
 
 There might have been a more plausible exception taken to the sufficiency of the record as set forth, viz. that it does not show to what office he was elected. Whether this would or would not be obviated by reference to the bond, in which the .office is distinctly set forth, or to .the law, which author-ises no other elections in captain’s districts but those of constables,. we need not enquire ; because the precise exception is, that it did not appear
 
 by whom
 
 he was elected. It is exceedingly probable,, that no more of the record was set forth in the case than was sufficient to present the exception taken by the defendants, and that the context of the record would have shown with sufficient distinctness
 
 the
 
 office
 
 to
 
 which he was-elected.
 

 The court having overruled this exception, the defendants then offered to shew by parol evidence, that an election had not in fact been made of a constable in Captain Eskridge’s company, which evidence the court rejected. We think that the evidence offered was properly rejected. The authority of the court to take the bond does not depend upon
 
 the fact
 
 that an election had been made, but that it doth so appear to them upon the return of judges of (he election.-^, He, who claims to be constable because of such return, and those, who become the bondsmen of him who so claims,, will not be released from their obligation, by shewing that he had availed himself of a false return to obtain induction jnta office.
 

 
 *23
 
 There is no allegation of any other error on the part of the appellants, and the judgment must be affirmed.'
 

 .Per Curiam,- Judgment affirmed.